# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. HEALTH AND WELFARE FUND, <br> N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. PENSION FUND, <br> N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. DEFERRED INCOME PLAN, and <br> I.B.E.W. LOCAL 313/N.E.C.A. LABOR MANAGEMENT COOPERATION COMMITTEE <br> c/o Zenith American Solutions <br> 501 Carr Road, Suite 220 <br> Wilmington, DE 19809 <br><br> INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313 <br> 814 West Basin Road <br> New Castle, DE 19720 <br><br> I.B.E.W. JOINT APPRENTICESHIP & TRAINING CENTER FUND N.E.C.A. LOCAL UNION 313, <br> 814 West Basin Road <br> New Castle, DE 19720 <br><br>            Plaintiffs, <br><br>    v. <br><br> H & H SERVICES ELECTRICAL CONTRACTORS, INC. <br> 104 Somers Avenue <br> New Castle, Delaware 19702 <br><br> JAMES J. HOWARD <br> 104 Somers Avenue <br> New Castle, Delaware 19702 <br><br>            Defendants. | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1.   This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§§185(a), 1132, 1145.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the District of Delaware under 29 U.S.C. §§185(a) or 1132(e)(2).

## PARTIES

4. Plaintiffs, N.E.C.A. Local Union No. 313 I.B.E.W. Health and Welfare Fund, N.E.C.A. Local Union No. 313 I.B.E.W. Pension Fund and N.E.C.A. Local Union No. 313 I.B.E.W. Deferred Income Plan, ("Welfare Fund", "Pension Fund" and "DIP Fund"), are trust funds established under 29 U.S.C. §186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. §1002(37), (1), (2) and (3). **See Exhibits 5-7.** The DIP Fund is also referred to as Annuity Fund in the labor agreement related to this complaint.

5. Plaintiff, I.B.E.W. Local 313/N.E.C.A. Labor Management Cooperation Committee ("LLMCC") which is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. §186(c)(9). **See Exhibit 8.** The LLMCC is referred to as Local Labor-Management Cooperation Committee in the labor agreement related to this complaint.

6. Plaintiff, International Brotherhood of Electrical Workers Local Union No. 313 ("Union"), is an unincorporated association commonly referred to as a labor union, and is an employee organization which represents, for purposes of collective bargaining, employees of H & H Electrical Services Contractors, Inc. who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

7. Plaintiff, I.B.E.W. Joint Apprenticeship & Training Center Fund N.E.C.A. Local Union 313, f/k/a Local Union No. 313 I.B.E.W. Joint Apprenticeship and Training Trust Fund ("Apprenticeship Fund") is a trust fund established under 29 U.S.C. §186(c)(5) and a "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §1002(37), (1), (2), and (3). **See Exhibit 9.**

8. Upon information and belief, Defendant, H & H Electrical Services Contractors, Inc. ("Company" or "Defendant") is an unincorporated Delaware business and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

9. Defendant, James J. Howard ("Howard" and together with Company, "Defendants") is an individual and an owner, officer, agent or managing agent of Company with a business or residential address as listed in the caption. Howard is personally liable to the Plaintiffs for delinquent contributions and damages as owner of a sole proprietorship.

10. The Welfare Fund, Pension Fund, DIP Fund and Apprentice Fund are jointly referenced as "Funds" in this Complaint.

## COMMON FACTS

11. At all times relevant to this action, the Company was party to, or otherwise bound by, a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract"). **See Exhibit 3.**

12. The Company also signed or agreed to abide by the terms of the Trust Agreements of the Funds, as from time to time amended (jointly referred to as "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting commerce to promote stable and peaceful labor relations. **See Exhibits 5-9.**

13. Under the Labor Contract or Trust Agreements, the Company agreed:

(a) To make full and timely payments on a monthly basis to the Funds as required by the Labor Contracts;

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;

(c) To produce, upon request by the Funds individually or jointly, all books and records deemed necessary to conduct an audit of their records concerning their obligations to the Funds;

(d) To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c); and

(e) To pay wages, dues, vacation benefits and other amounts withheld from employee pay to the Union or employees represented by the Union under the Labor Contract.

14. Based upon Defendant's remittance reports, Defendant reported hours worked for its employees but has failed to make contributions, submit dues, Vacation Fund contributions and other amounts withheld from employee pay as required under the Labor Contract or Trust Agreements for the work months November 2018 through July 2019. See Exhibit 2.

15. The Plaintiffs seek to collect delinquent contributions, interest and liquidated damages pursuant to the Labor Contract and the Benefit Fund Collection Rules and Regulations promulgated by the Trustees of the Welfare Fund, Pension Fund and DIP Fund. **See Exhibits 3-4.**

**COUNT I –CONTRACT
PLAINTIFFS
v.
COMPANY**

16. The allegations of Paragraphs 1 through 14 are incorporated by reference as if

fully restated.

17. Based upon information presently available, the Company owes the Funds and Union (for itself or the benefit of employees working under the Labor Contract) at least the sum of $217,024.73 due under the Labor Contract or Trust Agreements for the period November 2018 through July 2019.

18. The Company has not paid the Funds and Union as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** the Plaintiffs ask that the Court:

(1) Enter judgment against the Company in favor of the Funds for at least $[amount] plus all additional amounts found to be due and owing during the pendency of this litigation together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

**COUNT II - ERISA**
**FUNDS**
**v.**
**COMPANY**

19. The allegations of Paragraphs 1 through 17 are incorporated by reference as if fully restated.

20. Based upon information presently available to the Funds, the Company has failed to pay contributions to the Funds in violation of 29 U.S.C. §1145.

21. The Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) Enter judgment against the Company in favor of the Funds for contributions owed plus any additional amounts which are found to be due and owing during the pendency of this litigation, together with interest at the rate prescribed by 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

                                              Respectfully submitted,

                                              /s/Rick S. Miller

By:   _____
                                              RICK S. MILLER (No. 3418)
                                              Ferry Joseph, P.A.
                                              1521 Concord Pike
                                              Wilmington, DE 19803
                                              (302) 575-1555
                                              rmiller@ferryjoseph.com

Date: August 19, 2022

OF COUNSEL:
DAWN M. COSTA
Jennings Sigmond, P.C.
1835 Market Street, 28th Floor
Philadelphia, PA 19103
(215) 351-0616
dcosta@jslex.com

**Exhibit 1**
**Calculation of Delinquent Amounts**

HH Delinquency Complaint (002)
ELF313-35731

**Exhibit 2**
**Employer Remittance Reports**

HH Delinquency Complaint (002)
ELF313-35731

**Exhibit 3**
**Collective Bargaining Agreement**

HH Delinquency Complaint (002)
ELF313-35731

**Exhibit 4**
**Benefit Fund Collection Rules and Regulations**

HH Delinquency Complaint (002)
ELF313-35731

**Exhibit 5**
**Pension Fund Trust**

**Exhibit 6**
**Health and Welfare Fund Trust**

HH Delinquency Complaint (002)
ELF313-35731

**Exhibit 7**
**Deferred Income Fund Trust**

HH Delinquency Complaint (002)
ELF313-35731

**Exhibit 8**
**Local Labor-Management Cooperation Committee Trust**

HH Delinquency Complaint (002)
ELF313-35731

**Exhibit 9**
**Apprenticeship Training Fund Trust**