## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. HEALTH AND WELFARE FUND, <br><br> N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. PENSION FUND, <br><br> N.E.C.A. LOCAL UNION NO. 313 I.B.E.W. DEFERRED INCOME PLAN, <br><br> I.B.E.W. LOCAL 313/N.E.C.A. LABOR MANAGEMENT COOPERATION COMMITTEE, <br><br> INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313, and <br><br> I.B.E.W. JOINT APPRENTICESHIP & TRAINING CENTER FUND N.E.C.A. LOCAL UNION 313, <br><br>        Plaintiffs, <br><br>   v. <br><br> H&H SERVICES ELECTRICAL CONTRACTORS, INC., <br><br>        Defendant. | C.A. No. 22-1090-MN |

## <u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Plaintiffs' Motion for Judgment by Default Pursuant to Federal Rule of Civil Procedure 55(b)(2) Against Defendant.  (D.I. 13.)  I recommend that Plaintiffs' motion be GRANTED.

## I.      BACKGROUND

Plaintiffs N.E.C.A. Local Union No. 313 I.B.E.W. Health and Welfare Fund ("Welfare Fund"), N.E.C.A. Local Union No. 313 I.B.E.W. Pension Fund ("Pension Fund"), N.E.C.A. Local Union No. 313 I.B.E.W. Deferred Income Plan ("DIP Fund") and I.B.E.W. Joint Apprenticeship & Training Center Fund N.E.C.A. Local Union 313 ("Apprenticeship Fund") (collectively, "the Funds"),[1] as well as I.B.E.W. Local 313/N.E.C.A. Labor Management Cooperation Committee ("LMCC") and International Brotherhood of Electrical Workers Local Union No. 313 ("the Union") filed this action on August 2, 2022 against H&H Services Electrical Contractors, Inc. ("Defendant") and James J. Howard.[2]

Defendant and the Union are parties to a collective bargaining agreement, which Plaintiffs refer to as the "Labor Contract."  (D.I. 1 ("Compl.") ¶ 11; D.I. 13, Ex. 1 (Labor Contract).)  The Labor Contract incorporates other documents by reference, including the various trust agreements of the Funds and the LMCC ("Trust Agreements").  (Compl. ¶ 12; *id.*, Ex. 8–9; D.I. 13, Ex. 2–4).)  Pursuant to the various agreements, Defendant is required to make monthly contributions to the Funds and the LMCC and pay dues to the Union from wages withheld from employee paychecks.  (Compl. ¶ 13(a), (e).)  Defendant must also submit monthly remittance reports detailing all employees and work for which contributions were required.  (*Id.* ¶ 13(b).)

A document applicable to the Pension Fund, Health & Welfare Fund, and DIP Fund, which Plaintiffs refer to as the "Collection Policy," "establish[es] the process by which the Fund Administrator(s) and Fund counsel shall seek remedies against delinquent contributing employers,

---

[1] The Complaint alleges that the Funds are trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2), and (3).  (Compl. ¶¶ 4, 7.)

[2] Plaintiffs filed a notice of dismissal as to Mr. Howard on September 22, 2022.  (D.I. 5.)

and the remedies available to the Fund(s)." (D.I. 13, Ex. 5.)  In the event of delinquent payments, the Labor Contract and its incorporated documents, including the Collection Policy, authorize Plaintiffs to recover interest and liquidated damages on the overdue contributions, as well as litigation costs. (*Id.* ¶¶ 13(d), 15.)

Plaintiffs allege that Defendant failed to make its required contributions to the Funds, the LMCC, and the Union from November 2018 through July 2019. (*Id.* ¶ 14.)  As a result, they contend that Defendant is liable for breach of the Labor Contract under 29 U.S.C. § 185[3] and for violation of the Employment Retirement Income Security Act of 1974 ("ERISA"), Section 515, 29 U.S.C. § 1145.[4] (*Id.* ¶¶ 1, 16–21.)  Plaintiffs seek monetary relief.

The record reflects that Plaintiffs served Defendant with the original Complaint. (D.I. 3.) Defendant, however, never answered or otherwise appeared.  Plaintiffs then filed a Request for Entry of Default as to H&H Electrical Services, Inc. on October 6, 2022 (D.I. 6), a copy of which was also served on Defendant (D.I. 8).  The Clerk entered default on November 10, 2022.   (D.I.

---

[3] 29 U.S.C. § 185, titled "Suits by and against labor organizations," provides in relevant part:

> (a) Venue, amount, and citizenship. Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

[4] 29 U.S.C. § 1154, titled "Delinquent contributions," provides as follows:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

12.)   Plaintiffs filed the present motion for default judgment (D.I. 13) and a memorandum in support of their motion (D.I. 14) on November 14, 2022.[5]   The case was referred to me a day later (D.I. 15), and I held a telephonic hearing on March 14, 2023.   ("Tr __.")   Despite being served with Plaintiffs' motion (D.I. 16), as well as being mailed a copy of the Court's order setting the hearing (D.I. 17), Defendant did not appear.   In accordance with the Court's instructions at the telephonic hearing, Plaintiffs filed an amended proposed judgment on April 18, 2023.   (D.I. 20.) I now recommend that the Court grant the amended proposed judgment.

## II.    LEGAL STANDARD

Entry of default judgment is a two-step process.   *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010).   First, the party seeking a default judgment must request that the Clerk of Court enter default against the party that has failed to answer the pleading or otherwise defend itself in the action.   Fed. R. Civ. P. 55(a); *see also J & J Sports Prod., Inc. v. Kim*, No. 14-1170, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016).   After default has been entered, a plaintiff may obtain a default judgment.   Fed. R. Civ. P. 55(b); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1.   If the plaintiff is seeking relief in the form of a sum certain, it may obtain a default judgment from the Clerk of Court.   Fed. R. Civ. P. 55(b)(1); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1.   Otherwise, "the party seeking default judgment must apply to the court for an entry of default judgment."   *Tristrata Tech.*, 270 F.R.D. at 164.

Courts have discretion over whether to enter a default judgment in a particular case.   *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).   The court considers three factors when determining if default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied,

---

[5] Plaintiffs originally moved for default judgment on October 18, 2022 (D.I. 9) prior to the Clerk of Court entering default.   Accordingly, the Court denied the motion without prejudice as premature.   (D.I. 11.)

4

(2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  For purposes of that determination, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Genedics, LLC v. Meta Co.*, No. 17-1062, 2019 WL 3802650, at *3 (D. Del. Aug. 13, 2019) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

Finally, "[i]n assessing a motion for default judgment, the court should take the necessary steps to establish damages with reasonable certainty." *Bd. of Trs., Plumbers & Pipefitters Loc. Union No. 74 Pension Fund v. Mep Nationwide*, *LLC*, No. 21-503-MN, 2022 WL 2951690, at *4 (D. Del. July 26, 2022), *report and recommendation adopted*, 2022 WL 3354702 (D. Del. Aug. 12, 2022); *see also Palmer v. Slaughter*, No. 99-899-GMS, 2000 WL 1010261, at *2 (D. Del. July 13, 2000) ("The court . . . is required to calculate the appropriate amount of damages. It cannot simply accept the plaintiff's representations on this subject as being true.").

## III.    DISCUSSION

### A.  Liability

The relevant factors weigh in favor of entering default judgment on Plaintiffs' claims. First, although the factual allegations are sparse, the Complaint and the exhibits relied upon by the Complaint establish that Defendant was bound by the Labor Contract and subsequently breached it by failing to make required contributions in violation of 29 U.S.C. §§ 185(a) and 1145. *Gesualdi v. D & E Top Soil & Trucking Inc.*, No. CV 11-5938, 2013 WL 1729269, at *2–3 (E.D.N.Y. Mar. 26, 2013), *report and recommendation adopted*, 2013 WL 1728893 (E.D.N.Y. Apr. 22, 2013) (finding undisputed allegations that employer failed to make payments under collective bargaining agreement established employer's liability under 29 U.S.C. §§ 185 and 1145 for purposes of a

5

motion for default judgment).  Plaintiffs will undoubtedly suffer prejudice if its application for default judgment is denied because it would otherwise be unable to recover damages for Defendant's breaches.  Second, Defendant has failed to appear to answer the allegations in the complaint or otherwise litigate this case.  Third, Defendant was served with the pleadings and the pending motion, and it has been given ample opportunity to appear.

## B. Damages

Finding that default judgment is appropriate, I next turn to the remedy.  Plaintiffs seek monetary relief equal to the sum of Defendant's overdue contributions, interest and liquidated damages on the overdue contributions, and reasonable attorneys' fees and costs, as provided for under the Labor Contract and ERISA,[6] for a total of $ 235,330.95.

Having considered the applicable law, Plaintiffs' submissions, and the evidence presented, the Court concludes that the requested relief is appropriate.  First, the Court finds the Plaintiffs are entitled to damages for unpaid contributions in the amount of $149,373.62.  (D.I. 20 at 2.)  This

---

[6] When an employer fails to make contributions pursuant to ERISA Section 515, 29 U.S.C. § 1145, that employer is subject to a judgment for:
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>> (i) interest on the unpaid contributions, or
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

29 U.S.C. § 1132(g)(2).

represents the amount of unpaid contributions to the Funds, the LMCC, and the Union for the months of November 2018 to July 2019.  Plaintiffs supported their request for relief by submitting, among other things, Defendant's completed remittance reports for each of the relevant months (Compl., Ex. 2) and a sworn declaration from Scott A. Ernsberger (the Funds' administrator) (D.I. 13, Ex. 6).  After review of these documents, I conclude the total in unpaid dues appears consistent with the evidence.

Plaintiffs also correctly note that under the Labor Contract and Collection Policy they are entitled to interest and liquidated damages on unpaid contributions for the Pension Fund, Health & Welfare Fund, DIP Fund, and the LMCC, as well as liquidated damages on unpaid dues.  At the teleconference, I asked Plaintiffs to clarify through an amended proposed judgment that they were applying the correct interest rates to the correct sums, as well as calculating post-judgment interest according to the correct statutory authority.  (Tr. 5–8.)  After reviewing the amended proposed judgment and the supporting documentation, I conclude that Plaintiffs are entitled to $28,877.94 in interest on unpaid contributions and $38,764.17 of liquidated damages.  (D.I. 20 at 2.)

Finally, I find that Plaintiffs are entitled to $18,315.22 in attorneys' fees and costs. Plaintiffs submitted affidavits from counsel that listed their activities undertaken in furtherance of this action and their hours worked.  (D.I. 13, Ex. 7–11.)  They also submitted evidence justifying their hourly rates.  Based on the submissions, the claim for attorneys' fees appears reasonable under the "lodestar" method of evaluating fees adopted by the Third Circuit.  *See Washington v. Phila. Cty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996).

Accordingly, I recommend that the Court enter judgment in the amount of $235,330.95.

**IV.     CONCLUSION**

I recommend that Plaintiffs' Motion for Judgment by Default Pursuant to Federal Rule of Civil Procedure 55(b)(2) Against Defendant (D.I. 13) be GRANTED.  Accordingly, I recommend that the Court enter the Amended Proposed Order Entering Judgment by Default (D.I. 20) with the following changes: (i) a period should be added at the end of Paragraph 3(a); and (ii) strike Paragraph 3(e), and replace it with the following: "(e) Post-judgment interest will accrue at the rate of 4.76%, as prescribed by 26 U.S.C. § 1961."

Dated: May 30, 2023

_____
Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE